JAMES H. McLELLAN *&* *al.* *versus* ANDREW T. NELSON.

The stat. 1844, c. 117, "to secure to married women their rights in property," is prospective merely. The interest, therefore, which the husband acquired in the real estate of the wife, by a marriage prior to that act, is not affected by it.

Where the officer's return of a levy on land, states, that all three of the appraisers were duly selected and sworn, and "were all present, and viewed the premises, and made their several estimates of the value," and that two of them signed the certificate, "the other declining to sign the same," it is not necessary, that it should state the cause of the refusal of such appraiser to affix his signature.

THE parties agreed upon a statement of facts.

The question presented to the Court is, whether upon this statement of facts, the defendant, at the time of the attachment and levy, had such an interest in the demanded premises as could be levied upon and set off to the plaintiffs, so as to give them the right to the rents and profits of the demanded premises. The Court were authorized to enter a nonsuit or default.

From the statement it appeared, that the wife of the defendant was seized in fee of the demanded premises, and being thus seized was married to the defendant prior to eighteen hundred and thirty, and is still alive.

On July 25, 1846, after the passage of the stat. 1844, c. 117, the demandants levied upon two years rents and profits which the defendant had in the premises, on the ground that he had a life estate therein. The officer certified, that three appraisers were selected and sworn, and were "all present and viewed the premises and made their several estimates of the value," and that two of them only signed the return, the other "declining to sign the same."

*Tallman* and *Richardson*, for the demandant, said that on the marriage the tenant became the owner of a life estate in the premises, and that the statute of 1844, c. 117, could not deprive him of it. It would be but taking property from him and giving it to another without compensation.

The statute is prospective in its terms, and applies only to the case of marriages afterwards. The first section provides,

that " any married woman may become seized," &c. And the second section, the only one exempting the estate of the wife from liability for debts of the husband, confines it to after marriages. It says, " hereafter, when any woman possessed of property, real or personal, shall marry," &c.

*Groton* and *Sawyer*, for the tenant, contended that the demandants acquired no title whatever, by the levy upon the premises.

The stat. 1844, c. 117, exempts the property of the wife, whether real or personal, from being taken to pay the debts of the husband. Such, it was argued, was the design and object of the Legislature; and such should be the construction given to it.

This statute affected the remedy only, and therefore the Legislature had power to pass it. It merely took away the right of the creditor to satisfy his execution, from this description of property. And this may be done by the Legislature. 15 Maine R. 134; 18 Maine R. 109; Story's Com. on Con. § 712; 4 Greenl. 154; 6 Wend. 526.

In construing a statute the intention of the makers is to govern, although such construction may seem contrary to the letter. Such interpretation is to be given as appears best calculated to advance its object, and carry out the intentions. And in doubtful cases, it is to be presumed that the Legislature intended the most reasonable and beneficial construction of their acts. 3 Cowen, 89; 2 Peters, 662; 15 Johns. R. 358; 1 Peters, 64; 12 Mass R. 393; 3 Ham. 198.

But two of the appraisers signed the appraisal, and no cause whatever is assigned by the officer for the omission. The appraisal, therefore, is a nullity. *Whitman* v. *Tyler*, 8 Mass. R. 284.

The opinion of the Court was drawn up by

WHITMAN C. J.— The statute of 1844, c. 117, is clearly prospective in its terms and obvious import. The first section provides, that " any married woman may become seized or possessed of any property," &c. The second section provides,

McLellan *v.* Nelson.

that, *hereafter*, when any woman possessed of property, real or personal, shall marry," &c.    Mrs. Nelson was possessed of the estate in question in fee, before her intermarriage with the defendant, Andrew T. Nelson, which took place before the attachment and levy relied upon by the plaintiffs, and before the passage of the act above referred to; and their rights can in nowise be affected by it.

The return of the officer, who made the levy, in reference to matters in the line of his official duty, is conclusive between the creditor and debtor.    He has returned in this instance, that the appraisers were sworn, after being duly appointed, and acted as such.    The levy, therefore, was effectual to pass the estate, though one of the appraisers neglected to sign the certificate of appraisement.    Rev. Stat. c. 94, § 9.

The levy was upon the rents and profits for the term of two years.    Andrew T. Nelson, the debtor, by virtue of his intermarriage with Mrs. Nelson, became possessed of such an estate as would authorize such a levy.    Statute last cited, § 14; and the levy passed such an estate as the debtor had in the premises, if not exceeding such an amount of interest, as provided in the same section.    The debtor's right was that of a life estate, either for the term of the life of his wife, or of himself; and it matters not which.

*Defendant defaulted.*